1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN J. BUTLER (Cal. Bar No. Pending)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-6495
7       Facsimile: (213) 894-6269
        E-mail:   kevin.butler2@usdoj.gov
8

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

11                UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  ANTONIO MENDOZA,                    No. CV 19-106-JLS

14            Petitioner,               RESPONDENT'S MOTION TO DISMISS
                                        PETITION FOR WRIT OF HABEAS CORPUS
15            v.                        PURSUANT TO 28 U.S.C. § 2241

16  FRANCISCO J. QUINTANA, Warden,

17            Respondent.

18

19       Respondent FRANCISCO J. QUINTANA, Warden, by and through his

20  counsel of record, the United States Attorney for the Central

21  District of California and Assistant United States Attorney Kevin J.

22  Butler, hereby moves for an order dismissing petitioner ANTONIO

23  MENDOZA's petition for writ of habeas corpus pursuant to 28

24  U.S.C. § 2241, or, alternatively, transferring the petition to the

25  U.S. Court of Appeals for the Seventh Circuit.  This Motion is based

26  on the attached Memorandum of Points and Authorities, the files and

27

28

records in this case, and such further evidence and argument as the Court may permit.

Dated: February 20, 2019          Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   /s/ Kevin J. Butler
                                  KEVIN J. BUTLER
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

## TABLE OF CONTENTS

DESCRIPTION                                                                PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

I.     INTRODUCTION ................................................ 1

II.    PETITIONER'S BACKGROUND ..................................... 1

       A.    Jury Trial and Direct Appeal ........................... 1

       B.    Petitioner's First § 2255 Motion ...................... 2

       C.    Petitioner's Second § 2255 Motion ..................... 3

       D.    Petitioner's Motion for Sentence Reduction ............ 4

       E.    Petitioner's Third § 2255 Motion ...................... 4

       F.    Petitioner's Instant Petition under § 2241 ............ 5

III.   ARGUMENT .................................................... 5

       A.    Although Styled Under § 2241, the Petition Is a
             Disguised Successive § 2255 Motion That Must First Be
             Authorized by the U.S. Court of Appeals for the
             Seventh Circuit ....................................... 5

       B.    The Grounds Raised in the Petition Do Not Fall within
             the Savings Clause of § 2255 .......................... 7

             1.    Petitioner Has Had an Unobstructed Procedural
                   Shot .......................................... 9

             2.    Petitioner's Collateral Attack on His Sentencing
                   Enhancement under 21 U.S.C. § 851 Does Not
                   Constitute a Claim of Actual Innocence ............. 10

       C.    The Court Should Dismiss the Petition for Lack of
             Jurisdiction, or Transfer the Petition in the Interest
             of Justice to the Seventh U.S. Circuit Court of
             Appeals .............................................. 13

       D.    In Addition to the Procedural and Jurisdictional
             Defects, Petitioner's Claim Fails on the Merits ......... 14

IV.    CONCLUSION ................................................. 14

1

**TABLE OF AUTHORITIES**

2   Page(s)                                                                    Cases

3   Anders v. California,
4      386 U.S. 738 (1967)................................................ 5

5   Bousley v. United States,
6      523 U.S. 614 (1998).............................................. 14

7   Cruz-Aguilera v. I.N.S.,
8      245 F.3d 1070 (9th Cir. 2001)................................... 16

9   Harrison v. Ollison,
10     519 F.3d 952 (9th Cir. 2008)....................... 9, 10, 12, 16

11  Hernandez v. Campbell,
12     204 F.3d 861 (9th Cir. 2000)............................... passim

13  Ivy v. Pontesso,
14     328 F.3d 1057 (9th Cir. 2003).............................. 11, 12

15  Johnson v. United States,
16     135 S. Ct.   (2015)............................................... 7

17  Lawrence,
18     662 F.3d, n.4................................................... 12

19  Lorentsen v. Hood,
20     223 F.3d 950 (9th Cir. 2000)........................... 9, 11, 14

21  Marrero v. Ives,
22     682 F.3d 1190 (9th Cir. 2012).............................. 14, 15

23  Nelson,
24     465 F.3d........................................................ 16

25  Porter v. Adams,
26     244 F.3d 1006 (9th Cir. 2001)................................... 9

27  Stephens v. Herrera,
28     464 F.3d 895 (9th Cir. 2006).............................. 11, 13

TABLE OF AUTHORITIES (CONTINUED)

Page(s)                                                                    Cases

United States v. Brown,
  879 F.3d 1043 (9th Cir. 2018) .............................. 14, 15

United States v. Crawford,
  520 F.3d 1072 (9th Cir. 2008) .................................. 17

United States v. Davis,
  932 F.2d 752 (9th Cir. 1991) ................................... 17

United States v. Mendoza,
  346 F. App'x 112 (7th Cir. 2009) ........................... 5, 6, 7

United States v. Simmons,
  649 F.3d 237 (4th Cir. 2011) ................................. 9, 13

United States v. Washington,
  653 F.3d 1057 (9th Cir. 2011) ................................... 10

Statutes

8 U.S.C. § 1326(a) ................................................ 5

18 U.S.C. § 851 ................................................ 4, 8

18 U.S.C. § 3582(c)(2) ............................................ 7

18 U.S.C. §§ 846 .............................................. 4, 15

21 U.S.C. § 851 ............................................. passim

28 U.S.C. § 1631 ................................................. 16

28 U.S.C. § 2241 ............................................. 1, 4, 8

28 U.S.C. § 2255 ........................................... 6, 10, 12

28 U.S.C. § 2255(e) .............................................. 11

28 U.S.C. § 2255(h)(2) ........................................... 13

Cal. Health & Safety Code § 11351 ................................ 4

RCW § 9A.28.040(f) .............................................. 14

1

TABLE OF AUTHORITIES (CONTINUED)

2

Page(s)                                                                    Cases

3

U.S.C. § 2255 .................................................. 9

4

Wash. Rev. Code § 69.50.401 ..................................... 4

5

Rules

6

7

U.S.S.G. § 1B1.10 .............................................. 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On January 17, 2019, Antonio Mendoza ("petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his underlying sentence on the ground that it was wrongfully enhanced under 21 U.S.C. § 851 due to prior felony drug offenses.  (See CV 1 ("Pet.") at 1.)[1]  Although framed as a § 2241 petition, the petition is actually a disguised, successive § 2255 motion that this Court lacks jurisdiction to consider.  The Court should accordingly dismiss the petition, or transfer it in the interest of justice to the U.S. Court of Appeals for the Seventh Circuit, which has exclusive jurisdiction to determine whether petitioner may pursue the claims at issue here.

### II.   PETITIONER'S BACKGROUND

#### A.   Jury Trial and Direct Appeal

On July 2, 2008, following a three-day jury trial in the Southern District of Indiana, petitioner was convicted of conspiracy to distribute more than 500 grams methamphetamine in violation of 18 U.S.C. §§ 846, 841(a)(1).  (See CR 1.)  Prior to that verdict, the government had filed an information on May 30, 2008, pursuant to 18 U.S.C. § 851 ("851 Information"), stating that it intended to rely on petitioner's prior drug convictions for conspiracy to deliver heroin, in violation of Washington state law, Wash. Rev. Code § 69.50.401, and possession or purchase for sale of a narcotic controlled substance, Cal. Health & Safety Code § 11351.  (CR 1 at 5.)  On

---

[1] "CV" refers to the district court docket in the civil 28 U.S.C. § 2241 proceeding, Case No. 19-CV-00106.  "CR" refers to the district court docket in petitioner's underlying criminal case, Case No. 04-CR-00155, in the Southern District of Indiana.

1

September 23, 2008, petitioner was sentenced to a term of life imprisonment on each count, to be followed by ten years of supervised release on each count, to run concurrent. (CR 1 at 6.) The life sentence was mandated by the amount of drugs involved in each count and petitioner's two prior convictions for felony drug offenses. See United States v. Mendoza, 346 F. App'x 112, 115 (7th Cir. 2009).

Petitioner timely appealed to the Seventh Circuit. (CR 1 at 6.) However, petitioner's appellate attorney filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that counsel found no meritorious issues to assert and could not identify any nonfrivolous arguments to pursue. The Seventh Circuit granted petitioner's counsel's motion but nonetheless "scrutinized the record searching for errors in the jury selection and sentencing proceedings but uncovered no potential defects," and similarly parsed every conceivable appellate argument, to no avail. See Mendoza, 346 F. App'x at 116. Thus, the court dismissed petitioner's appeal as frivolous. Id.

During the same time period, defendant was also charged and pleaded guilty to illegal reentry into the United States after being deported for an aggravated felony, in violation of 8 U.S.C. § 1326(a), in the Southern District of Indiana. See United States v. Mendoza, No. 08-CR-00104, Dkt. No. 52 (S.D. Indiana July 21, 2008). As part of that plea agreement, petitioner stipulated that he was deported after a drug trafficking offense for which the sentence imposed exceeded 13 months, pursuant to § 2L1.2(b)(1)(A). Id.

**B.   Petitioner's First § 2255 Motion**

Following the direct appeal, petitioner proceeded to file a litany of post-conviction motions. On January 3, 2011, petitioner

2

filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing ineffective assistance of counsel stemming from various continuances of petitioner's trial setting, defense counsel's advisement that petitioner should not testify in his own defense, defense counsel failing to call additional witnesses, and that defense counsel's purported failure to investigate petitioner's prior convictions for purposes of challenging them at sentencing.  See Mendoza v. United States, No. 11-CV-00018, Dkt. No. 1 (S.D Indiana January 3, 2011).  The district court denied petitioner's § 2255 motion, denied his request for an evidentiary hearing on his § 2255 motion, and denied a certificate of appealability.  Id. at Dkt. No 8.  Petitioner appealed to the Seventh Circuit, which found no showing of the denial of a constitutional right and denied his request for a certificate of appealability.  Id. at Dkt. No. 20; Mendoza v. United States, No. 13-2769, Dkt. No. 14 (7th Cir. Dec. 19, 2013).

   C.   **Petitioner's Second § 2255 Motion**

   Thereafter, on March 13, 2014, petitioner filed a motion for reconsideration regarding his first § 2255 motion which the district court treated as a new claim, prompting the opening of a new § 2255 civil action.  Mendoza, No. 11-CV-00018, Dkt. Nos. 21-22.  The district court then dismissed the second § 2255 civil action for lack of jurisdiction as a second or second successive challenge to his conviction.  Mendoza v. United States, No. 14-CV-0701, Dkt. No. 3 (S.D. Indiana May 9, 2014).  Petitioner appealed the order denying his motion for reconsideration -- in which the court treated it as a § 2255 motion -- and the Seventh Circuit dismissed the appeal for failure to pay the required fees.  Mendoza, No. 11-CV-00018, Dkt. No.

1 29; Mendoza v. United States, No. 14-2143, Dkt. No. 3 (7th Cir. July
2 30, 2014).

3    **D.    Petitioner's Motion for Sentence Reduction**

4        During the pendency of his second § 2255 motion and appeal,
5 petitioner filed -- in his original criminal matter -- a "request for
6 a modification/reduction of an imposed term of imprisonment,"
7 purportedly under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.   (CR
8 2.)   In his motion, he acknowledged that he had two prior "controlled
9 substance" convictions -- one for selling 12 grams of heroin and one
10 for selling 6 grams of heroin.   (CR 2.)   The district court summarily
11 denied petitioner's request.   (CR 28.)

12    **E.    Petitioner's Third § 2255 Motion**

13        On July 23, 2015, petitioner filed another "motion seeking
14 relief i.e. re-open Rule 60(b)(1) thru 60(b)(6)-motion to re-open
15 and/or reconsider rule 60(b)," again presenting claims of ineffective
16 assistance of counsel. Mendoza, No. 11-CV-00018 at Dkt. No. 30.   In
17 sum, petitioner sought to reopen his initial § 2255 action -- which
18 the district court denied for lack of jurisdiction -- and petitioner
19 sought appeal. Id. at Dkt Nos. 32, 33, 37, 39.   The Seventh Circuit
20 found both decisions correct and denied petitioner a certificate of
21 appealability in both appeals. Id. at 39; Mendoza v. United States,
22 No. 15-2964, Dkt. No. 14 (7th Cir. March 21, 2016).

23        The motions continued as petitioner again appealed and sought a
24 stay in the case until the Supreme Court decided Johnson v. United
25 States, 135 S. Ct. 2251 (2015). Mendoza, 11-CV-00018 at Dkt. No. 45.
26 The district court denied the request for a stay and denied any
27 requested authorization for a successive § 2255 motion. Id. at Dkt.
28 No. 46.

**F.    Petitioner's Instant Petition under § 2241**

Petitioner filed the instant petition on January 17, 2019, challenging his underlying sentence on the ground that his sentence was wrongfully enhanced under 18 U.S.C. § 851 given that his prior state convictions in Washington and California purportedly do not constitute felony drug offenses.  (CV 1.)  In sum, petitioner appears to argue that § 851 -- which applies to crimes punishable by imprisonment more than one year -- does not apply because he was not actually sentenced for terms of imprisonment over one year.  (Pet. at 16.)  Petitioner is currently incarcerated in the Central District of California, at the Federal Correctional Institution in Victorville California.

## III. ARGUMENT

**A.    Although Styled Under § 2241, the Petition Is a Disguised Successive § 2255 Motion That Must First Be Authorized by the U.S. Court of Appeals for the Seventh Circuit**

Federal courts have "an independent obligation to examine their own jurisdiction," and a court "may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.  And where, as here, a habeas petitioner's sentencing and custodial courts are in different districts, determining which district is vested with jurisdiction over the petition turns on whether it is cognizable under § 2241 or § 2255. Id.  Section 2241 petitions "must be heard in the custodial court," here, the Central District of California. Id.  Section 2255 petitions, by contrast, "must be heard in the sentencing court," here, the Southern District

1  of Indiana.  Id.; see also Hernandez v. Campbell, 204 F.3d 861, 864

2  (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or

3  conditions of a sentence's execution must be brought pursuant to

4  § 2241 in the custodial court.").

5      Here, although styled under § 2241, the petition is really a

6  successive motion to vacate, set aside, or correct petitioner's

7  sentence under § 2255.  As a general matter, when a habeas petitioner

8  challenges the legality of his sentence, and not the manner,

9  location, or conditions of his confinement, his petition must be

10  brought under § 2255 and is not cognizable under § 2241.  Compare

11  Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir. 2008) ("A federal

12  prisoner challenging the legality of a sentence must generally do so

13  by a motion pursuant to 28 U.S.C. § 2255."), and Lorentsen v. Hood,

14  223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the

15  exclusive procedural mechanism by which a federal prisoner may test

16  the legality of detention."), with Hernandez, 204 F.3d at 864.

17      Petitioner contends that the Fourth Circuit's decision in United

18  States v. Simmons, 649 F.3d 237 (4th Cir. 2011), renders his § 851

19  enhancement "null and void" and "no longer qualify him as a career

20  offender."  (Pet. at 2.)  Ignoring the fact that petitioner's

21  argument is facially invalid, see infra Section III.D, the position

22  does not challenge the manner, location, or conditions of

23  petitioner's confinement.  Rather, it attacks the legality of his

24  sentence, and thus fall within the exclusive domain of § 2255.  See

25  Lorentsen, 223 F.3d at 953; Porter v. Adams, 244 F.3d 1006, 1007 (9th

26  Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241

27  petition does not overcome the bar against successive section 2255

28

1 motions."). This Court should accordingly construe the petition as a
2 successive § 2255 motion.

3    Construing the petition as a § 2255, it must be dismissed
4 because it is time-barred, successive, and cannot be heard by his
5 sentencing court absent an order from the appropriate court of
6 appeals, here, the Seventh Circuit, authorizing the district court to
7 consider the motion. See United States v. Washington, 653 F.3d 1057,
8 1065 (9th Cir. 2011)). Moreover, petitioner cannot obtain such an
9 order as he has not shown that his claims either depend on newly
10 discovered evidence that, if proven and viewed in light of the
11 evidence as a whole, would be sufficient to establish by clear and
12 convincing evidence that no reasonable factfinder would have found
13 him guilty of the offense, § 2255(h)(1), or rely upon a new rule of
14 constitutional law, made retroactive to cases on collateral review by
15 the Supreme Court, that was previously unavailable. Id.

16    For its part, this Court can neither grant nor deny the relief
17 sought in the petition, as the Seventh Circuit has exclusive
18 jurisdiction as to whether petitioner should be permitted to file a
19 successive § 2255 motion, and where such a motion, even if authorized
20 by the Seventh Circuit, could only be brought in the Southern
21 District of Indiana. See Hernandez, 204 F.3d at 865; Harrison, 519
22 F.3d at 957. Without jurisdiction, this court should dismiss the
23 petition.

24    **B.    The Grounds Raised in the Petition Do Not Fall within the
     Savings Clause of § 2255**

25
26    Petitioner claims to argue that his motion is properly brought
   under § 2241 because it is based on a retroactively applicable
27
   Supreme Court decision which establishes that the petitioner may have
28

7

been convicted of a nonexistent offense that was foreclosed by circuit law at the time when it should have been raised, and that he "asserts factual innocence of his sentence enhancement." (Pet. at 8, 10.)  As to law, petitioner cites to no Supreme Court decision. Instead, petitioner does not assert factual innocence of his conviction, or even those underlying convictions, but attacks the legal validity of his sentence.  Under the "savings clause," or "escape hatch," of § 2255, a prisoner may challenge his sentence under § 2241, but only where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Hernandez, 204 F.3d at 864-65; 28 U.S.C. § 2255(e).  Jurisdiction over a challenge brought under this "savings clause" lies with the custodial court.  See Hernandez, 204 F.3d at 865.  But the savings clause is narrow in scope and does not apply to cases, like petitioner's, where relief is foreclosed "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  What is more, a "§ 2241 petition is available under the 'escape hatch' of § 2255" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898; see also Lorentsen, 223 F.3d at 954 ("[A] federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.").  Here, petitioner does not argue actual innocence or unobstructed shot and

1  thus fails to meet either requirement to trigger § 2255's savings
2  clause.

3         1.   Petitioner Has Had an Unobstructed Procedural Shot
4         Petitioner claims his felony convictions for conspiracy to
5  deliver heroin and possession or purchase for sale of a narcotic
6  controlled substance were wrongly used to enhance his sentence under
7  § 851, apparently after Simmons.  (Pet. at 10.)  Nothing prevented
8  petitioner from advancing these arguments in his initial § 2255
9  petition.

10        At the outset, Simmons is not controlling law and would not
11 grant petitioner relief in any event.  It is unclear how the opinion
12 would factually apply to petitioner's various assertions, or how a
13 Fourth Circuit case could announce a constitutional rule of any kind
14 pertaining to petitioner's conviction and sentence in Indiana, much
15 less retroactively.  In deciding whether a petitioner had an
16 unobstructed procedural shot to pursue his claim, a court asks: "'(1)
17 whether the legal basis for Petitioner's claim did not arise until
18 after he had exhausted his direct appeal and first § 2255 motion; and
19 (2) whether the law changed in any way relevant to petitioner's claim
20 after the first § 2255 motion.'"  Harrison, 519 F.3d at 960 (quoting
21 Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003)).  Any such
22 change must apply retroactively.  Id.

23        Here, petitioner cites to no recent legal development or change
24 in law that would have prevented him from raising his claims in his
25 prior appeal or § 2255 motion.  Instead, the petition makes clear
26 that it is merely an attempt to revive prior arguments or slight
27 modifications to arguments that have been or court have been
28 previously raised.  See Lawrence, 662 F.3d at 555, n.4.  The

purported legal basis for petitioner's claim arose well before he had exhausted his direct appeal or filed his first § 2255 motion. It was decided in 2011, when petitioner began his proliferate journey collaterally attacking his conviction and sentence. And again, Simmons did not announce a new rule and has not been applied retroactively and could not apply to petitioner whatsoever. Petitioner's memorandum of law lacks any instruction or argument which would explain how or why Simmons would apply to his case and thus cannot be the basis for a proper § 2255 motion. Indeed, Simmons involved the hypothetical enhancement of a prior state drug conviction to set a maximum term of imprisonment. 649 F.3d at 240. No such hypothetical enhancement is alleged or was applied here.

Petitioner accordingly has not been deprived of an unobstructed procedural shot to raise whatever Simmons or Brown-based claim he purportedly had, and his § 2241 petition thus does not qualify for "escape hatch" treatment. What is more, if Simmons or Brown did announce a new rule of law, which the Supreme Court later adopted, and which could someday be made retroactive to § 851 cases by the Supreme Court, petitioner would then have an adequate and effective remedy, i.e., an unobstructed procedural shot, to bring what would then be a newly cognizable due process claim under 28 U.S.C. § 2255(h)(2).

### 2. Petitioner's Collateral Attack on His Sentencing Enhancement under 21 U.S.C. § 851 Does Not Constitute a Claim of Actual Innocence

Even if petitioner had been deprived of an unobstructed procedural shot to present his claims, he may not avail himself of § 2255's savings clause without also establishing his actual innocence as to his crime of conviction. Stephens, 464 F.3d at 898;

1   Lorentsen, 223 F.3d at 954.  To "'establish actual innocence, [a]

2   petitioner must demonstrate that, in light of all the evidence, it is

3   more likely than not that no reasonable juror would have convicted

4   him.'"  Lorentsen, 223 F.3d at 954 (quoting Bousley v. United States,

5   523 U.S. 614, 623 (1998)).  Crucially, "'actual innocence' means

6   factual innocence, not mere legal insufficiency." Bousley, 523 U.S.

7   at 623-24 (citation omitted).  And petitioner bears the sole "burden

8   of proof on this issue by a preponderance of the evidence[:]  he must

9   show not just that the evidence against him was weak, but that it was

10  so weak that 'no reasonable juror' would have convicted him."

11  Lorentsen, 223 F.3d at 954 (citation omitted).

12       Petitioner does not argue that he is factually innocent of the

13  crime he committed.  Instead, he passingly asserts his "factual

14  innocence of his sentence enhancement."  (Pet. at 10.)  "[A]

15  petitioner generally cannot assert a cognizable claim of actual

16  innocence of a noncapital sentencing enhancement." Marrero v. Ives,

17  682 F.3d 1190, 1193 (9th Cir. 2012) (collecting cases).  And

18  petitioner's contention here that his sentence was wrongly enhanced

19  under 21 U.S.C. § 851 is a "purely legal argument," which "is not

20  cognizable as a claim of actual innocence under the escape hatch."

21  Id. at 1195.

22       Petitioner does cite to one case within this Circuit -- United

23  States v. Brown, 879 F.3d 1043 (9th Cir. 2018) -- which held that a

24  defendant's previous conviction for drug conspiracy under Washington

25  state law covered conduct broader than federal law and therefore

26  could not be used to enhance defendant's sentence under § 851.  Were

27  the court even able to consider this argument, it too fails.  The law

28  at issue in Brown, RCW § 9A.28.040(f), which allowed for a conspiracy

11

conviction when the other party to a conspiracy is a law enforcement officer, was not in place when petitioner was convicted of his state offense.  Indeed, it was passed in 1997.  Defendant, on the other hand, was convicted in 1994, under a different section -- 69.50.401.  See Brown, 879 F.3d at 1049.

To the degree there are any possible exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch," Marrero, 682 F.3d at 1194, none of those hypothetical exceptions applies here.  First, petitioner does not contend he is "factually innocent of the crime that served as the predicate conviction for [his] enhancement" under 21 U.S.C. § 851, i.e., third-degree felony possession with intent to distribute marijuana.  See id.  Second, petitioner cannot establish that "he received a sentence for which he was statutorily ineligible," where his life sentences (see CR 1) is within the statutory maximum of life in prison for his crime of conviction, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, under 18 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii).  See Marrero, 682 F.3d at 1194.  Third, and finally, petitioner has not established that his "sentence resulted from a constitutional violation" where, as stated above, petitioner cites no applicable law or any Supreme Court precedent that would apply to petitioner's collateral attack on his 851 Information and the resulting enhancement.  Under any applicable procedures, the actual innocence requirement has not been satisfied here.  This Court accordingly lacks jurisdiction over the petition.

1
2

    **C.**    **The Court Should Dismiss the Petition for Lack of Jurisdiction, or Transfer the Petition in the Interest of Justice to the Seventh U.S. Circuit Court of Appeals**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

    Where the petition:  (1) challenges the legality of petitioner's sentence rather than the conditions of his confinement; (2) does not fall within the "savings clause" of § 2255; and (3) is a successive § 2255 motion, jurisdiction here lies exclusively with the Seventh Circuit, which must determine whether petitioner will even be permitted to pursue his claims.  See Hernandez, 204 F.3d at 865; Harrison, 519 F.3d at 957; Nelson, 465 F.3d at 1148.  This, alone, would justify this Court's dismissal of the petition for lack of jurisdiction.  But "[t]he federal transfer statute," 28 U.S.C. § 1631, "is applicable in habeas proceedings" such as this.  Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001).  And where a district court finds that jurisdiction is lacking, it may transfer the action to any other court in which the action could have been brought, if such a transfer is in the interests of justice.  Harrison, 519 F.3d at 957 ("[T]he custodial court deemed Harrison's petition to be a motion under § 2255.  Because jurisdiction over such a motion would lie only in the sentencing court, the custodial court transferred the case to the sentencing court.").

21
22
23
24
25
26
27

    Here, the Court should dismiss rather than transfer because the petition on its face is without merit and is merely petitioner's latest improper attempt to attack the validity of his sentence. Accordingly, transfer would be futile and is not in the interest of justice.  See Cruz-Aguilera, 245 F.3d at 1074 (9th Cir. 2001) (a matter should be transferred if (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised

28

jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice.).

    **D.   In Addition to the Procedural and Jurisdictional Defects, Petitioner's Claim Fails on the Merits**

Were the Court to excuse the defects present, his argument is facially devoid of merit.  In essence, petitioner argues that the 851 enhancement -- which applies to felony drug cases punishable by more than one year imprisonment -- cannot be applied to his underlying state offenses because he served less than one year in prison. Putting aside that Simmons does not apply nor support that proposition, petitioner does not argue that the crimes were punishable by less than one year in prison -- which they are not. See United States v. Crawford, 520 F.3d 1072, 1080 (9th Cir. 2008) (finding that violations of § RCW 69.50.401 are predicate drug offenses punishable by a term of up to ten years imprisonment); United States v. Davis, 932 F.2d 752, 763 (9th Cir. 1991) ("A violation of section 11351 of the California Health and Safety Code is punishable by imprisonment for a term exceeding one year").  Nor does he argue that he was sentenced to less than one year in prison -- which, in at least one case, he was not.  (See CR 2.); see also id. (Noting the "well established federal rule that a felony is an offense punishable by a maximum term of imprisonment of more than one year, regardless of the sentence actually imposed.").

**IV.  CONCLUSION**

For the foregoing reasons, the Court should construe the petition as a successive § 2255 motion, and dismiss the petition for lack of jurisdiction.

1
## CERTIFICATE OF SERVICE

2       I, **LORETTA CHAVIS**, declare:

3       That I am a citizen of the United States and a resident of or

4   employed in Los Angeles County, California; that my business address

5   is the Office of United States Attorney, 312 North Spring Street,

6   Los Angeles, California 90012; that I am over the age of 18; and

7   that I am not a party to the above-titled action; That I am employed

8   by the United States Attorney for the Central District of

9   California, who is a member of the Bar of the United

10  RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
    PURSUANT TO
11  Service was:

12  ☐ Placed in a closed envelope        ☒ Placed in a sealed envelope
       for collection and inter-             for collection and mailing via
13     office delivery, addressed as         United States mail, addressed
       follows:                               as follows:
14
    ☐ By hand delivery, addressed as    ☐ By facsimile, as follows:
15     follows:

16  ☐ By messenger, as follows:         ☐ By Federal Express, as
                                            follows:
17

18  Antonio Mendoza
    Reg No. 74707-179
19  Federal Correctional Institution
    P.O. Box  3850
20  Adelanto, CA  92301
    PRO SE
21

22      This Certificate is executed on **February 20, 2019**, at Los

23  Angeles, California.  I certify under penalty of perjury that the

24  foregoing is true and correct.

25                                        _Loretta Chavis_

26                                        **LORETTA CHAVIS**
                                          Legal Assistant
27

28