UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MENDOZA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FRANCISCO J. QUINTANA, Warden,<br><br>　　　　Respondent. | Case No. EDCV 19-0106 JLS (SS)<br><br>**REPORT AND RECOMMENDATION OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

　　　This Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

　　　On January 9, 2019, Petitioner Antonio Mendoza ("Petitioner"), a federal prisoner located at Federal Correctional Institution in Victorville, California, proceeding pro se, filed a Petition for

Writ Of Habeas Corpus under 28 U.S.C. § 2241, ("Petition," Dkt. No. 1), along with a supporting Memorandum. ("Petition Mem.," Dkt. No. 2).[1] The Petition purports to challenge Petitioner's 2008 conviction and sentence in the Southern District of Indiana. (Id. at 2). On February 20, 2019, Respondent filed a Motion to Dismiss the Petition, along with a supporting Memorandum. ("Motion to Dismiss," Dkt. No. 6). Respondent contends that the Petition is actually a disguised, successive 28 U.S.C. § 2255 motion that this Court lacks jurisdiction to consider. (Id. at 5-14). On April 11, 2019, Petitioner filed an opposition to the Motion to Dismiss. ("Opposition," Dkt. No. 10).

For the reasons discussed below, the Petition must be construed as a motion under § 2255. Therefore, Petitioner's claim can be considered only by the sentencing court, i.e., the Southern District of Indiana. However, transfer is inappropriate because the Petition, construed as a § 2255 motion, is untimely and successive. Accordingly, the Court recommends that Respondent's

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on date the prisoner delivers it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Here, the Petition lacks a proof of service. However, Petitioner appears to have signed the Petition on January 9, 2019. (Petition at 9). Therefore, the Court will deem the Petition filed on that date. See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."). (Citations to the Petition refer to the pages assigned by the Court's electronic case filing system.)

Motion to Dismiss be GRANTED, the Petition be DENIED, and this action be DISMISSED without prejudice for lack of jurisdiction.

## II.

### PRIOR PROCEEDINGS

On July 2, 2008, a jury in the Southern District of Indiana convicted Petitioner of conspiracy to possess and distribute methamphetamine and possession with intent to distribute. United States v. Mendoza, No. CR 04-0155 (S.D. Ind.); see also Mendoza v. United States, 2013 WL 3895231, at *5 (S.D. Ind. July 26, 2013).[2] The Court sentenced Petitioner to life imprisonment, which was "the mandatory minimum sentence given the quantity of drugs and [Petitioner's] prior felony convictions." United States v. Mendoza, 346 F. App'x 112, 114 (7th Cir. 2009). The Seventh Circuit dismissed Petitioner's direct appeal on October 6, 2009. Id. at 116-17.

On January 3, 2011, Petitioner filed a motion pursuant to 18 U.S.C. § 2255. See Mendoza v. United States, No. CV 11-018, Dkt. No. 1 (S.D. Ind.). On July 29, 2013, the Southern District of Indiana denied Petitioner's § 2255 motion. See id., Dkt. No. 8;

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in the Seventh Circuit. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

3

see also 2013 WL 3895231, at *5. On appeal, the Seventh Circuit found no showing of the denial of a constitutional right and denied Petitioner's request for a certificate of appealability. Mendoza v. United States, No. 13-2769, Dkt. No. 14 (7th Cir. Dec. 19, 2013). On March 13, 2014, Petitioner filed a "motion for reconsideration" in the Southern District of Indiana pursuant to Federal Rule of Civil Procedure 60(b), which the district court construed as another § 2255 motion. Mendoza v. United States, No. CV 14-0701, Dkt. No. 2 (S.D. Ind.). The court denied the motion as successive on May 9, 2014. Id., Dkt. No. 3. The Seventh Circuit subsequently dismissed Petitioner's appeal for failure to pay the required fees. Mendoza v. United States, No. 14-2143, Dkt. No. 3 (7th Cir. July 30, 2014).

On January 5, 2015, Petitioner filed a motion in his criminal case to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782. Mendoza, No. CR 04-0155, Dkt. No. 2 (S.D. Ind.). On July 23, 2015, he filed another § 2255 motion in the same case, which the district court denied as successive on August 3, 2015. Id., Dkt. Nos. 13-14. On May 12, 2016, the district court denied Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782. Id., Dkt. No. 28.

On August 6, 2017, Petitioner filed a habeas petition in this Court, purportedly pursuant to 28 U.S.C. § 2241. (Mendoza v. Entzel, CV 17-6010 JLS (SS), Dkt. No. 1 (C.D. Cal.)). The Court construed the petition as a disguised § 2255 motion that it lacked jurisdiction to review. (Id., Dkt. No. 6 at 4-9). The Court

4

further determined that transfer to the sentencing court was inappropriate because the petition was untimely and successive. (Id. at 9-12). Thus, on June 8, 2018, the Court denied the petition and dismissed the action without prejudice. (Id., Dkt. Nos. 6, 8-9). The instant Petition followed on January 9, 2019. (Dkt. No. 1).

## III.
## PETITIONER'S CLAIMS

Petitioner claims that, pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), (1) his sentencing enhancement for prior convictions under 21 U.S.C. § 851 is "null and void," and (2) his prior convictions do not qualify him as a career offender under the federal Sentencing Guidelines. (Petition Mem. at 2, 10-17).

## IV.
## DISCUSSION

**A. This Court Lacks Jurisdiction Because the Petition Must Be Construed as a § 2255 Motion, Which Must Be Heard in the Sentencing Court**

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam)

5

(internal quotation marks and citation omitted). "[T]o determine whether jurisdiction is proper, [the Court] must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id. "[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court," which in this case in the Central District of California. Id. However, if a petition falls under § 2255, it must be brought before the sentencing court, which in this case is the Southern District of Indiana. See id.

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or

6

ineffective to test the legality of his detention"). A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison, 519 F.3d at 959. For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

**1. The Petition Does Not State an Actual Innocence Claim**

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not mere legal insufficiency." Muth, 676 F.3d at 819 (internal quotation marks, parallel citations and brackets omitted); see also Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (a claim of actual innocence for purposes of the § 2255 escape hatch is tested under the Bousley standard). The mere assertion that a petitioner is actually innocent, without the introduction of "evidence tending to show that he did not commit the [acts] underlying his convictions," is insufficient to satisfy the standard. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). In addition, a petitioner may state a claim of actual innocence "when he was convicted for conduct not prohibited by law." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir.

2011) (petitioner was "actually innocent" of violating 21 U.S.C. § 952(a) where intervening en banc decision that overturned circuit precedent determined that transporting drugs between two locations under United States jurisdiction did not constitute "importation" with the meaning of the statute, even if the drugs were transported over or through international waters); see also United States v. Avery, 719 F.3d 1080, 1085 (9th Cir. 2013) (petitioner was actually innocent of crime of honest services fraud where intervening Supreme Court decision clarified that the crime to which he "pled guilty and for which he stands incarcerated is no longer a criminal offense").

Unlike the petitioners in Alaimalo and Avery, who challenged the validity of their convictions, Petitioner does not argue that he is actually innocent of the crimes to which he pled guilty and for which he is currently incarcerated, nor does he argue that he is actually innocent of the underlying offenses used to enhance his sentence. Rather, Petitioner argues that those prior convictions do not properly qualify him for a sentencing enhancement under 21 U.S.C. § 851 and the federal Sentencing Guidelines. (Petition Mem. at 2, 10-17). Thus, the Petition present only a legal challenge to the way his sentence was calculated, not a factual showing that the petitioner did not commit the underlying offense. To make a claim of actual innocence, a petitioner must show that he is factually innocent, not merely that his conviction was legally insufficient. Muth, 676 F.3d at 819. The Ninth Circuit has explicitly held that a "purely legal claim that has nothing to do with factual innocence . . . is not a

8

cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." Marrero, 682 F.3d at 1193 (citing with approval cases from other circuits holding that a petitioner "generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement"); see also id. at 1195 (holding that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch").

Although the Ninth Circuit has noted other circuits' suggestion that "a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible," Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012), the Ninth Circuit has not expressly adopted that exception. In Marrero, the court declined to "decide whether to endorse" the exception because the petition in that case did not argue that he was statutorily ineligible for his sentence. Id. at 1195. Regardless, even if the escape hatch could apply to a prisoner's claim that he "received a sentence for which he was statutorily ineligible," Petitioner does not establish such a claim.

Petitioner claims that a Fourth Circuit decision, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), renders his sentencing enhancement "null and void." (Petition Mem. at 2). In Simmons, the Fourth Circuit held that a prior state conviction qualified as a felony for purposes of a sentencing enhancement under the federal Sentencing Guidelines only if the particular

9

defendant's prior crime of conviction was punishable under state law by a prison term exceeding one year. Simmons, 649 F.3d 241-49.[3] Here, Petitioner does not claim that his prior state convictions in Washington and California were not punishable by a prison term of more than one year. He claims, rather, that his prior state convictions do not qualify as felonies, in light of Simmons, "because [Petitioner] was only sentenced to 90 days" for his Washington conviction "and 72 days" for his California conviction. (Petition Mem. at 15). However, Petitioner fails to cite any authority establishing that the sentence actually imposed, rather than the sentence punishable, is dispositive of whether the conviction qualifies as a felony for purposes of the sentencing enhancement imposed in his case. See United States v. Davis, 932 F.2d 752, 763 (9th Cir. 1991) (noting the "well established federal rule that a felony is an offense punishable by a maximum term of

---

[3] Although Simmons is not binding on this Court, the Ninth Circuit recently cited the case favorably in United States v. Valencia-Mendoza, 912 F.3d 1215, 1223 (9th Cir. 2019). In Valencia-Mendoza, the Ninth Circuit rejected its "earlier precedents that eschewed consideration of mandatory sentencing factors" when determining if a prior state conviction qualified as a felony for purposes of the federal Sentencing Guidelines. Id. at 1224. The court concluded, rather, that "the Supreme Court has held that courts must consider both a crime's statutory elements and sentencing factors when determining whether an offense is 'punishable' by a certain term of imprisonment." Id. Under this approach, a prior state conviction qualifies as a felony under the Guidelines only if the particular defendant could have received a sentence of more than one year. Id. The Ninth Circuit noted that this conclusion accorded with decisions in other circuits, including the Fourth Circuit's holding in Simmons. Id. at 1223. However, even if the Court construed Petitioner's claim under this recent Ninth Circuit decision, it still fails because Petitioner does not show that he could not have received a sentence exceeding one year for his prior state convictions.

10

imprisonment of more than one year, regardless of the sentence actually imposed").

Petitioner's failure to assert a claim of actual innocence, by itself, bars the Petition from qualifying for the § 2255 escape hatch. Muth, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence). Therefore, Petitioner's claim may not be heard under § 2241.

### 2. Petitioner Did Not Lack an Unobstructed Procedural Shot to Present His Claim

Petitioner's attempt to qualify for the § 2255 savings clause additionally fails because Petitioner has not shown that he did not have "an unobstructed procedural shot" to present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison, 519 F.3d at 960 (emphasis added). Here, Petitioner bases his claims on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), a decision that the Fourth Circuit issued on August 17, 2011, almost two years before the Southern District of Indiana issued its ruling on Petitioner's first § 2255 motion, on July 29, 2013. See Mendoza v. United States, No. CV 11-018, Dkt. No. 8 (S.D. Ind.); see also

11

2013 WL 3895231, at *5. Petitioner thus could have sought to amend his § 2255 motion to add a claim based on Simmons. He apparently did not do so, nor does he seem to have raised such a claim in any of the several post-conviction motions that he subsequently filed. See, e.g., Mendoza v. United States, No. CV 14-0701, Dkt. No. 2 (S.D. Ind. March 13, 2014); Mendoza, No. CR 04-0155, Dkt. No. 2 (S.D. Ind. Jan. 5, 2015); id., Dkt. No. 13 (S.D. Ind. July 23, 2015).

The fact that the claim likely would have been denied as successive does not mean that § 2255 was an inadequate or ineffective remedy. As the Ninth Circuit has explained, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255 [because it is successive]. He must never have had the opportunity to raise it by motion." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003); see also Castro v. Andrews, 48 F. App'x 655, 656 (9th Cir. 2002) (rejecting contention that district court's denial of motion to amend § 2255 petition rendered that remedy inadequate or ineffective because "a remedy is not inadequate or ineffective on the ground that the sentencing court denied relief") (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Indeed, as many courts have observed, "[t]he existence of the statutory bar on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner's] detention within the meaning of the savings clause. If it did, the savings clause would eviscerate the second or successive motions bar . . . ." Gilbert v. United States, 640 F.3d

12

1293, 1308 (11th Cir. 2011); see also Prost v. Anderson, 636 F.3d 578, 586 (10th Cir. 2011) ("If the rule were otherwise - if the § 2255 remedial mechanism could be deemed 'inadequate or ineffective' any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction - subsection (h) would become a nullity, 'a meaningless gesture.'"); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.").

In sum, the Court concludes that the Petition does not qualify for the savings clause of § 2255. Petitioner does not make an actual innocence claim and he has failed to demonstrate that he has not had an unobstructed procedural shot at presenting his claim. Accordingly, the Petition may proceed only pursuant to § 2255 and the only court with jurisdiction over this action is the Southern District of Indiana, the sentencing court. See Hernandez, 204 F.3d at 865 ("§ 2255 motions must be heard in the sentencing court . . . .").

**B.  The Petition Should Be Dismissed Rather Than Transferred Because, Construed as a § 2255 Motion, It Is Untimely and Successive**

Because Petitioner does not qualify for the savings clause of § 2255, his challenge must be brought under § 2255 in the

jurisdiction of the sentencing court, which is the Southern District of Indiana. See Hernandez, 204 F.3d at 865. The transfer of civil actions among federal courts is governed by 28 U.S.C. § 1631. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. The Ninth Circuit has ruled that § 1631 applies in habeas proceedings. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001).

The Petition, construed as a § 2255 motion, is untimely and successive. Accordingly, this action does not meet the second or third conditions for transfer because the Southern District of Indiana could not have exercised jurisdiction at the time the action was filed and the transfer is not in the interest of justice.

**1. The Petition Is Untimely**

Construed as a § 2255 motion, the Petition is patently untimely. A federal prisoner ordinarily has only one year from the date that his conviction becomes final to file a § 2255 motion. See 28 U.S.C. § 2255(f)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on January 4, 2010, ninety days after the Seventh Circuit Court of Appeals dismissed his appeal on October 6, 2009. (See Petition at 2); see also Bowen v.

14

Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for the purposes of AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13(1) (a petition for a writ of certiorari seeking review of a judgment of a United States court of appeals must be filed within 90 days after the entry of judgment).

Section 2255 also provides that the one-year statute of limitations may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner, however, does not assert any claim here based on a right that the Supreme Court has recognized in the years since his conviction became final. Accordingly, the statute of limitations expired on January 4, 2011, more than six and a half years before Petitioner filed this action.

The statute of limitations may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 645 (2010). Here, however, Petitioner has not established a basis for equitable tolling. Accordingly, the Petition, construed as a § 2255 motion, is untimely and transferring this matter to the sentencing jurisdiction would be futile.

### 2. The Petition Is Successive

Finally, because Petitioner has already filed a § 2255 motion, the Petition, construed as a § 2255 motion, is successive. See, e.g., Mendoza, 2013 WL 3895231, at *5 (denying Petitioner's § 2255 motion). "A petitioner is generally limited to one motion under § 2255." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Harrison, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)). Accordingly, unless and until Petitioner obtains authorization from the Seventh Circuit to file another § 2255 motion, the Southern District of Indiana lacks jurisdiction to hear his claim.

The Southern District of Indiana could not have exercised jurisdiction at the time this action was filed. As such, transferring the action would not further the interests of justice and the Court should dismiss the Petition.

16

**V.**

**RECOMMENDATION**

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss (Dkt. No. 6); (3) denying the Petition; and (4) directing that Judgment be entered dismissing this action without prejudice for lack of jurisdiction.

DATED:   June 14, 2019

                                        /s/
                               SUZANNE H. SEGAL
                               UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.